# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JADA DAVIS-BEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:23-CV-1507-JAR |
| | ) |
| JENNIFER CLEMONS-ABDULLAH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jada Davis-Bey's motion for leave to proceed *in forma pauperis*, ECF No. 10, and Amended Petition for a Writ Of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 9. The Court grants Petitioner leave to proceed *in forma pauperis*, and denies the Petition without prejudice.

## Background

Petitioner identifies herself as a pretrial detainee in the matter of *State v. Jada Davis*, 2322-CR00082-01 (22nd Jud. Cir. 2023). According to the public records published on Missouri Case.net, Petitioner is facing charges related to shooting at a person from a motor vehicle.[1] In February of 2024, the case was suspended pending an evaluation of her mental fitness. Petitioner was subsequently found incompetent by the Director of the Department of Mental Health ("DMH"). On May 3, 2024, the state court continued the case until December 25, 2024 for status regarding restoration.

---

[1] Petitioner's underlying state criminal case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating courts "may take judicial notice of judicial opinions and public records.").

Prior to filing the instant action, on December 11, 2023, Petitioner filed her first Petition in this Court for a Writ of Habeas Corpus under 28 U.S.C. § 2241. *See Davis v. Betts*, Case No. 4:23-CV-1595-MTS. She argued the state court lacked jurisdiction over her criminal case because she was a "Natural Person, Cherokee Nation-not enrolled, Moor-Muur." She also asserted she was innocent of the charges against her, was unlawfully arrested, and had not received a speedy trial under Missouri law. On May 10, 2024, this Court denied the Petition and dismissed the action for three reasons: (1) the sovereign citizen argument was frivolous; (2) lack of jurisdiction under § 2241 to issue a writ of habeas corpus for a violation of state law by state authorities; and (3) petitioner's failure to exhaust state remedies. *Id.* at ECF No. 6.

**Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241**

Petitioner initiated this action on November 27, 2023 by submitting a five-page document, followed by three supplemental documents. *See* ECF No. 1, 3, 4, 7. On May 16, 2024, the Court found the Petition to be defective because it was not drafted on the proper form. ECF No. 8.

On June 3, 2024, Petitioner filed an Amended Petition. ECF No. 9. Petitioner contends she is "innocent" of the state court charges and asserts "self-defense" and "defense of dwelling." The Amended Petition alleges four grounds which are somewhat difficult to decipher as they are written in a narrative format. First, Petitioner appears to challenge the state court's determination to deny bond. Second, Petitioner contends her constitutional rights were violated when an officer broke her "minivan mobile home window without any lawful reason" or "probable cause," and her "indictment is insufficient" because two individuals did not testify before the grand jury. Third, Petitioner argues she was "not informed of the formal accusation" and was inappropriately accused of being a drug user and mentally incapacitated. Lastly, Petitioner asserts her arrest affidavit contained untruthful information.

## Discussion

Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) ("in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"). Pursuant to 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state court.

28 U.S.C. § 2241 has been recognized as a source of habeas review for state pretrial detainees. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (a federal district court could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation); *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

Although the text of 28 U.S.C. § 2241 does not contain an exhaustion requirement, a body of case law has developed determining that "federal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (collecting cases); *see also Sacco*, 649 F.2d at 635-36 (petitioner seeking relief from state custody pursuant to § 2241 was "required to exhaust his state remedies"); *Hogquist v. Anoka Cty.*

*Dist. Courts*, 2019 WL 6879367, at *1 (D. Minn. 2019) ("state pretrial detainee ordinarily must await the entry of a final state court judgment in order to exhaust state remedies where such remedies are available"); *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994) ("petitioner must have exhausted his available state remedies" before a court could "review the claims of a state pretrial detainee under section 2241").

A prisoner can avoid exhausting state remedies only if he can show special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) ("federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgement of conviction by a state court"); *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981) (while a pretrial detainee can bring a habeas petition pursuant to § 2241, federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution."); *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (federal courts are reluctant to grant pretrial habeas relief, and in the interest of comity, a petitioner must first exhaust his state remedies, absent a showing of "special circumstances").

Petitioner, here, has not shown that she has exhausted state remedies. As noted above, the Court must abstain from interfering with a state criminal case if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. Issues related to innocence, self-defense, probable cause, wrongful arrest and incarceration, and misconduct by the arresting officers are issues likely to be addressed in state court, either by trial or other procedures. Plaintiff has yet to go to trial. Further, the Court notes Petitioner states she "filed a motion for a Petition for a Writ of Habeas Corpus in the State Court,"

4

but has received "no response yet from those courts." ECF No. 9 at 2. This statement evidences the lack of exhaustion.

To the extent Petitioner is complaining about being held without bond, Missouri court rules allow a person detained and unable to meet the conditions of release to have those conditions "reviewed by the court which imposed them." Mo. S. Ct. R. 33.05. If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. S. Ct. R. 33.09. There is no indication that Petitioner had her bond conditions reviewed by Missouri's appellate courts pursuant to Missouri Supreme Court rules. While Plaintiff states she filed her "own motion(s) for bond reduction/modification in Division 20," ECF No. 9 at 2, she further indicates she did not appeal the decision to the state appellate court. The Court therefore declines Petitioner's request to rule upon the constitutionality of her bond before utilization of the state court mechanisms for such review.

As noted above, Petitioner can avoid the exhaustion requirement by demonstrating that she is excused from exhaustion by "special circumstances." Petitioner has not advanced any special circumstances in this case. Therefore, Petitioner's 28 U.S.C. § 2241 Petition must be denied and dismissed.

## Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 Petition if it plainly appears that the petitioner is not entitled to relief. That rule is applicable to petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Having reviewed the Petition pursuant to

Rule 4, the Court finds it plainly appears that Petitioner is not entitled to relief, and summarily dismisses the Petition.

## Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has made no such showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to proceed *in forma pauperis* (ECF No. 10) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Petition For a Writ Of Habeas Corpus Under 28 U.S.C. § 2241 is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (ECF No. 6) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c).

Dated this 25th day of June, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE